KELLY v. CENTRAL HANOVER BANK & TRUST CO. et al.*

BIGELOW et al. v. KELLY et al.

District Court, S. D. New York.

Feb. 11, 1936.

For original opinion, see (D.C.) 11 F.Supp. 497.

For opinion by the Circuit Court of Appeals, see 84 F.(2d) ——.

Jacobson, Merrick, Nierman & Silbert and White & Hawxhurst, all of Chicago, Ill., and Curtis, Mallet-Prevost, Colt & Mosle, of New York City (Lewis F. Jacobson, Harold F. White, and Arthur Altschul, all of Chicago, Ill., and Eugene W. Goodwillie, of New York City, of counsel), for plaintiff.

Rosenthal, Hamill & Wormser, of Chicago, Ill., and Hines, Rearick, Dorr & Hammond, of New York City (Charles H. Hamill, of Chicago, Ill., Goldthwaite H. Dorr, and William B. Hubbell, both of New York City, and Edmund O. Belsheim, of Chicago, Ill., of counsel), for cross-complainant.

Chadbourne, Stanchfield & Levy, of New York City (George W. Whiteside, Louis G. Bissell, W. Hugh Peal, and Ralph D. Ray, all of New York City, of counsel), for defendant Commercial Nat. Bank & Trust Co.

Davies, Auerbach & Cornell, of New York City (Edward Cornell, Martin A. Schenck, Orrin G. Judd, all of New York City, of counsel), for defendant Irving Trust Co.

*Motion for writ of certiorari for diminution of the record denied March 13, 1936, without opinion. For disposition by the Circuit Court of Appeals, see 84 F. (2d) ——.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (John W. Davis, Porter R. Chandler, and Judson C. McLester, Jr., all of New York City, of counsel), for defendant Guaranty Trust Co. of New York.

Larkin, Rathbone & Perry, of New York City (John M. Perry, Hersey Egginton, Donald C. Muhleman, and Hovey C. Clark, all of New York City, of counsel), for defendant Central Hanover Bank & Trust Co.

White & Case, of New York City (Vermont Hatch and Adrian L. Foley, both of New York City, of counsel), for defendant, Bankers Trust Co.

Charles Neave, of New York City (Charles Neave, of New York City, Darius E. Peck, of Schenectady, N. Y., and John B. Cuningham, of New York City, of counsel), for defendant General Electric Co.

MACK, Circuit Judge.

I have delayed this decision in the matter of the statement of evidence as prepared by plaintiff and cross-plaintiff and the objections thereto by the defendants far too long, due, however, not only to a pressure of work, but more especially to a vacillation in my own views between the very strong conviction expressed at the conclusion of the argument and doubts due primarily to the language of Equity Rule 75 (28 U.S.C.A. following section 723) and to Judge Hough's opinion in Linde Air Products Co. v. Morse Dry Dock & Repair Co., 246 F. 834 (C.C.A.2, 1917).

If rule 75 is to be construed literally, then clearly the proposed statement of evidence does not meet the requirement that it be "complete." I am, however, clear that under Equity Rule 70½ (28 U.S.C.A. following section 723), the District Judge is not required, at least without request or direction of the appellate tribunal, to make findings of fact or conclusions of law on all the questions presented by the evidence, but only on such of them as he deems essential to support the decree. In these circumstances, I have reached the conclusion, though without overcoming all doubts, that rule 75 may be substantially complied with, if the statement of evidence contains only what is essential in respect to the findings and conclusions announced by the trial judge.

Clearly, the appellate court must determine whether or not the decree or so much thereof as is appealed from is sustained by the record, and not merely whether the reasons given by the trial judge for the result reached by him are sound.

Clearly too, the appellate court may make its own findings of fact and draw its own conclusions of law from the entire evidence regardless of the findings and conclusions of the trial court, and therefore it may require the entire evidence with or without the trial court's findings of fact on any or all matters to be certified to it.

But, in these days, when all appellate tribunals, and especially the Court of Appeals for this Circuit, are overwhelmed with work, I am quite clear that in a complicated case the trial of which required 27 court days, during which 94 witnesses were examined, 3,248 printed pages of testimony taken, and approximately 685 exhibits received in evidence, the appellate court would not itself search the entire evidence to determine issues of fact or to draw conclusions of law without requiring this to be done in the first instance by the trial judge.

If this be so, it would clearly be a waste of time, effort, and expense to compel an appellant to present for certification the entire evidence, whether in narrative form or otherwise, and thus to offer to the appellate court a mass of material unsifted by the trial judge, presumably the one best fitted to determine credibility and therefore to aid the appellate court by his findings and conclusions.

While the dicta in Judge Hough's opinion, supra, are against this view, it is to be noted both that his views were expressed before adoption of rule 70½ (28 U.S.C.A. following section 723) requiring findings of fact and conclusions of law, and, furthermore, that the only question before the court was whether or not the trial judge erred in requiring an appellant at his own expense to present for certification a complete transcript of the evidence.

In this as in all cases it is my desire, as well as my duty to facilitate a review, at the least expense to appellant consistent with full justice to appellees. In my judgment, appellees are not injured by the procedure now adopted, however novel it may be. If I have erred in the course pursued, the appellate court on motion will direct the proper certificate. If I have not erred therein, but if the appellate court, on the certificate, findings, and conclusions before it, is unable to determine the questions presented on the appeal, it may then possibly

affirm (a risk that appellant runs in having presented what may be held to be an insufficient basis for reversal), or it clearly may reverse and remand for a further certificate, findings, and conclusions, or, without remanding, require this court to make such additions to the record.

While some of the specific objections to the incorporation of certain matters in a certificate of evidence may logically be sound, I have concluded to let them remain in, as they tend to clarify the situation and cannot harm appellees. Furthermore, it would not, in my opinion, be proper to add the specific statements requested by some of the appellees without making the certificate full and complete in every respect.

Appellees' objections are therefore overruled.